UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                                                     No. 19-CR-651-LTS-03

CHRISTIAN COSTEA,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received and reviewed Defendant Christian Costea's pro se motion to convert the remainder of his term of incarceration to a term of home confinement under 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1545 (the "Motion")), as well as the Government's opposition (docket entry no. 1547 ("Gov. Mem.")), Mr. Costea's reply (docket entry no. 1549 ("Reply")), and the Government's sur-reply (docket entry no. 1553 ("Sur-Reply")).[1] The Court has carefully considered the parties' submissions, and, for the following reasons, the Motion is granted.

## Background

The charges in this case arose out of a transnational ATM skimming and money laundering organization (the "Skimming Organization"). (Gov. Mem. at 1.) Between at least in or about 2014 until at least in or about September 2019, the Skimming Organization built and installed high-technology devices on ATMs and point-of-sale purchasing terminals at stores and

---

[1] The Court directed the Government to respond to the new arguments raised in Mr. Costea's Reply. (Docket entry no. 1551.) Due to the sensitive nature of the information regarding Mr. Costea's family members detailed in the Government's opposition and its sur-reply, the Government's request to file the unredacted versions of both its letters under seal is granted.

elsewhere. (Id.) The Skimming Organization unlawfully obtained victim account holders' debit card account information by using those advanced technological devices to surreptitiously record the debit card numbers and personal identification numbers at ATMs, and then manufacturing counterfeit and fraudulent debit cards that bore the victim account holders' account information. (Id.) Mr. Costea participated in the Skimming Organization from about 2017 to 2018 by, among other things, laundering skimming proceeds on behalf of the Skimming Organization. (Id. at 2.) Mr. Costea laundered over $250,000 on behalf of the Skimming Organization, knowing that the funds he was laundering were the proceeds of skimming. (Id.)

Mr. Costea pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. section 1956(h) in October 2022 and was sentenced in April 2023 to 26 months' imprisonment to be followed by two years of supervised release. (Gov. Mem. at 2-3.) Mr. Costea voluntarily surrendered in February 2024 and was initially designated to FCI Otisville; in October 2024, he was transferred to a Residential Reentry Management Center. (Id. at 3.) The Government notes that, according to the Federal Bureau of Prison's ("BOP") website, Mr. Costea's expected release date is October 11, 2025. (Id.)

## DISCUSSION

The Court construes Mr. Costea's letter as a motion for a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A) (Westlaw through P.L. 118-41).  In ruling on such a motion, the Court therefore considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent that they are applicable" and (3), in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," and the "district court's discretion in this area—as in all sentencing matters—is broad."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The only statutory limit" on this discretion is that "rehabilitation alone shall not be considered an extraordinary and compelling reason."  Id. at 237-38 (quoting 28 U.S.C. § 994(t)).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Exhaustion

        The Court first addresses exhaustion, which is disputed here.  A defendant bears the burden of showing that he exhausted his administrative remedies prior to filing a compassionate release motion with the Court.  See Ebbers, 432 F. Supp. 3d at 426.  In its response to the Motion, the Government noted that Mr. Costea did not address exhaustion in his Motion and asserted that the BOP reported having no record of receiving such a request from the defendant, either while he was at FCI Otisville or during his current Residential Reentry Management Center placement.  (Gov. Mem. at 7.)  In his Reply, however, Mr. Costea proffered that, "on August 5, 2024, [he] submitted an 'Inmate Request to Staff' form ('the Form')" and "requested that the remainder of [his] sentence be converted to home confinement for the reasons [he] had detailed in a letter attached to the Form."  (Reply at 2.)  Mr. Costea also attached a copy

of the Form to his Reply. (Id. at 8-11.) The Government argues that the Form "did not satisfy the exhaustion requirement" because "the defendant never requested that the warden bring a motion to reduce the defendants' term of imprisonment" as required by Section 3582(c)(1)(A). (Sur-Reply at 1.) The Government's argument, however, belies the fact that Mr. Costea explicitly "request[ed] [the warden's] support to convert the remainder of [his] sentence to home confinement." (Reply at 9.) Such "conversion" could be accomplished either (1) through the BOP designating him to home confinement rather than an RRC or (2) a BOP motion for early termination. Mr. Costea's failure to flesh out this nuance in his pro se request for the Warden's action to allow him to serve the rest of his sentence on home confinement does not vitiate the significance of his action for exhaustion purposes; his request for the Warden's "support" of the specified result is sufficient to satisfy the administrative exhaustion requirement. See Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that the solicitude afforded to pro se litigants takes a variety of forms, including liberal construction of papers) (citations omitted). The Court, therefore, finds that Mr. Costea has adequately demonstrated exhaustion of his administrative remedies because he presented his request to the warden more than 30 days prior to filing this Motion on October 1, 2024. See United States v. Boccanfuso, No. 15-CR-341-LTS-3, 2023 WL 3741980, at *3 (S.D.N.Y. May 31, 2023).

Extraordinary and Compelling Reasons

        Mr. Costea argues that extraordinary and compelling circumstances warrant the conversion of the remainder of his sentence to a term of incarceration due to (1) the advanced age and declining health of his parents, and (2) the death of Mr. Costea's wife, who served as the primary caretaker of their 18-year-old and 16-year-old sons. (Reply at 4.) The relevant Sentencing Guidelines policy statement, Section 1B1.13, provides that extraordinary and

compelling reasons exist due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent[,]" or due to "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A) & (B).

"[T]he need to care for one's aging and sick parent . . . may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists." United States v. Lindsey, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (quoting United States v. Ayala, No. 16-CR-809-VM, 2020 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020). However, courts generally require a showing of "'evidence from several sources' indicating that the defendant 'is the only available caregiver' for a family member in 'dire conditions,'" before concluding that "an extraordinary and compelling reason has been established." Ayala, 2020 WL 6626015, at *1 (quoting United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020)). In this case, Mr. Costea—who only vaguely describes his parents' condition and their needs "of help with food shopping, tending to their personal needs, translation services, etc." (Reply at 4)—has not met his burden to show the extent of his parents' need for care, or that there is no other family member or other caretaker capable of providing the necessary care.

Section 1B1.13(b)(3)(A) of the Sentencing Guidelines policy statement, however, does not require that a defendant show that he "is the only available caregiver" to demonstrate extraordinary and compelling reasons for a sentence reduction where the caregiver of the defendant's minor child has died. While the Government suggests that "the progression of [Mr. Costea's] wife's illness during his term of imprisonment . . . raises some doubt as to whether she was able to act as the caregiver of their children during that time" (Sur-Reply at 2), the death of

Mr. Costea's wife and the mother of his two children clearly represents a significant, devastating change of circumstances for their family. That Mr. Costea's teenage sons, one of whom is still a minor, now appear to be living alone, without an adult in the home and only "a small group of family members who are able to occasionally stop in to check on [them] and help them with certain everyday tasks" (Reply at 4) constitutes an extraordinary and compelling reason justifying the relief Mr. Costea seeks.

Section 3553(a) Factors

The Section 3553(a) factors also support Mr. Costea's request to convert the remainder of his sentence to a term of home confinement. Although the nature of Mr. Costea's offense was serious, as highlighted by the Court at sentencing and the Government in its opposition and sur-reply (see Gov. Mem. at 8-9; Sur-Reply at 3), Mr. Costea's trajectory post-sentencing has been markedly positive. As detailed in his Motion, Mr. Costea has sustained no disciplinary infractions for the duration of his sentence served so far, and he represents that he "completed all of [his] educational requirements[,]" "was highly instrumental in constructing an outdoor Chapel from the ground up[,]" and "repaired malfunctioning equipment to include walk-in freezers, faulty electrical outlets and ailing warehouse structures" while serving his period of incarceration. (Motion at 3.) The Court is also persuaded that any remaining concerns regarding deterrence and protection of the public are substantially mitigated by the fact that Mr. Costea will be released into home confinement with close monitoring rather than released into the community at liberty.

## CONCLUSION

For the foregoing reasons, Mr. Costea's Motion is granted. His custodial sentence is reduced, as of 12:00 p.m. on December 16, 2024, to time served, and an additional special

period of supervised release is imposed, pursuant to 18 U.S.C. section 3582(c)(1)(A), through his currently-scheduled sentence expiration date of October 11, 2025.  During this additional special period of supervised release, the previously-imposed supervised release conditions shall govern, with an additional condition of home confinement as follows:

> Mr. Costea shall remain at his place of residence except for employment, education or training, religious or medical services, caretaking obligations for his children, and other activities approved by his probation officer.  Mr. Costea shall wear an electronic monitoring device and follow electronic monitoring procedures specified by his probation officer.  Mr. Costea shall pay the costs of home detention on a self-payment or copayment basis as directed by his probation officer.

Mr. Costea's previously-imposed two-year term of supervised release, during which only the previously-imposed conditions shall apply, shall commence after his special period of supervised release has been completed.  The Government shall immediately deliver a copy of this order to the Bureau of Prisons, which shall immediately deliver copies to Mr. Costea and to the RRC to which he is currently designated.  This Order resolves docket entry no. 1545.

    SO ORDERED.

Dated: New York, New York
       December 13, 2024

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge